## PATTERSON v. V. J. HEDDEN & SONS CO.

(Supreme Court, Appellate Term. December 7, 1904.)

1. MASTER AND SERVANT—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

Where a servant has a choice of two ways in going to and from a boiler room, one of which is safe and the other of which is unsafe, and chooses the latter and is injured, he is guilty of contributory negligence, precluding a recovery.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Charles Patterson against the V. J. Hedden & Sons Company. From a judgment for defendant dismissing the complaint at the close of the case of plaintiff, he appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Frank M. Hardenbrook, for appellant.

Frank V. Johnson, for respondent.

PER CURIAM. Aside from the reasons given by the learned trial justice for a dismissal of the plaintiff's complaint herein, it may be said that the plaintiff voluntarily went into the boiler room after the planks to be used by him, and could have returned with perfect safety had he chosen the way usually taken, and which was well lighted and free from danger. Instead of waiting until

¶ 1. See Master and Servant, vol. 34, Cent. Dig. § 702.

the momentary obstruction of the door through which he had entered the boiler room had been removed, he went into a place that was unlighted, and of which he had no knowledge, intending to enter the room from which he had come through another passage, and while on his way fell into the pit and received his injuries. "When a person having a choice of two ways, one of which is perfectly safe and the other of which is subject to risk and dangerous, voluntarily chooses the latter and is injured, he is guilty of contributory negligence and cannot recover." Bailey on Personal Injuries Relating to Master and Servant, vol. 1, § 1123.

Judgment affirmed, with costs.